IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH PATTON, Jr.,

        Plaintiff,                      No. CIV S-07-1822 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated May 24, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of severe alcohol dependence, panic disorder and anxiety disorder but these impairments do not meet or medically equal a listed impairment;[2] plaintiff is not credible; plaintiff does not have a severe impairment apart from alcohol dependence; plaintiff would not be disabled if he stopped using alcohol and therefore plaintiff is not eligible for disability payments. Administrative Transcript

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

[2] In the body of the ALJ's decision, the ALJ found plaintiff met Listings 12.06 and 12.09 but determined that alcohol was a contributing material factor in the finding of disability. AT 43.

2

("AT") 45-46. Plaintiff contends the ALJ improperly discounted record medical opinions, improperly discredited plaintiff, and failed to state that alcohol is a contributing factor material to the finding of disability.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

After setting forth the standards for evaluating whether an ALJ has properly rejected an examining or treating physician's opinion, plaintiff argues in a single line: "The ALJ

fails to meet with [sic] legal burden required to dismiss the treating physicians [sic] determinations." See Pl.'s Mem. P. & A. at 6:17-18. Plaintiff fails to cite any physician's opinion that was wrongfully rejected by the ALJ. A claim barely contended, unsupported by explanation or authority, may be deemed waived. See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); see also Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003). The court deems plaintiff's argument on the issue of the record medical opinions such a "bare contention." Moreover, as discussed below, substantial evidence supports the ALJ's finding that plaintiff's mental impairments are not severe when plaintiff is not abusing alcohol. The court declines to sift through the 870 page record to try to ascertain what, if any, medical opinions plaintiff might be referencing in this argument.

Similarly, plaintiff advances no real argument in support of his contention that the ALJ improperly assessed plaintiff's credibility. As with plaintiff's absence of analysis regarding the record medical opinions, plaintiff's argument here consists of the unsupported assertion that "[t]here is nothing in the record to support the ALJ's conclusion that the testimony of the Claimant's widow is not fully credible or that the claimant's daily activities evidenced an ability to engage in substantial gainful employment. The medical evidence is fully consistent with the symptoms and limitations to which the claimant testified." Pl.'s Mem. P. & A. at 7:18-21. There is no evidence in the record that plaintiff is deceased, thus negating any possibility of testimony by a widow. Plaintiff did not testify at a hearing for the application at issue.[3] AT 44. The court finds plaintiff's unsupported assertion utterly belied by the record. The ALJ set forth sufficient reasons for discrediting plaintiff's allegations of an inability to perform any work and those reasons are supported by substantial evidence. AT 44-45, 86, 108-109, 112, 239, 244-245.

---

[3] The testimony included in the record pertains to a hearing held four years prior to the application at issue, regarding plaintiff's challenge of a determination that plaintiff's disability ceased in October 1997. AT 841.

4

Plaintiff also contends the ALJ failed to state that alcohol is a contributing factor material to the finding of disability and that because of this failure, plaintiff should be found presumptively disabled under Listing 12.06. A finding of "disabled" under the five-step inquiry does not automatically qualify a claimant for disability benefits. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001). Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits "if alcoholism or drug addiction would ... be a contributing factor material to the determination that the individual is disabled." The purpose of the statute is "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." Ball v. Massanari, 254 F.3d 817, 824 (9th Cir. 2001). Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis ("DAA Analysis") by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b). If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied. Id. Plaintiff bears the burden of proving that drug or alcohol addiction is not a contributing factor material to the finding of disability. Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007).

The ALJ precisely followed the case law and regulations in this matter. First, he found plaintiff should be found disabled at step three of the sequential analysis because plaintiff met the severity listings of 12.06 and 12.09. AT 43. Then, consonant with the procedure required under Bustamante, the ALJ specifically found that plaintiff's "polysubstance abuse is a contributing factor material to the determination of disability." Id. The ALJ set forth specific evidence from the record on which he based this materiality finding. AT 41, 43-44, 157-159, 176, 209-213, 234-236, 243-249, 254-258, 294, 360-363. Plaintiff, who bears the burden on this issue, sets forth no reasoned argument in support of his contention that he is disabled independent of drugs and alcohol. See AT 43 (ALJ noted alcoholism so intertwined with

plaintiff's other diagnoses that record does not contain clear evidence of separate and distinct disorders apart from alcohol dependence). The ALJ's finding that plaintiff's mental disorders, without consideration to alcohol dependence, would have no more than a minimal effect on his ability to maintain work activities will be upheld. AT 44.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and
2. The Commissioner's cross-motion for summary judgment is granted.

DATED: March 30, 2009.

_____
U.S. MAGISTRATE JUDGE

006
patton.ss